*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 16, 2025
9:44 AM

Plaintiff-Appellee,

v

No. 371233
Oakland Circuit Court
LC No. 2023-285498-FH

MALCOM XAVIER WATSON,

Defendant-Appellant.

Before: RIORDAN, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of receiving and concealing a stolen motor vehicle, MCL 750.535(7), and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). Because the evidence was sufficient to support defendant's convictions, and his claims of prosecutorial error lack merit, we affirm.

## I. BACKGROUND

This case arises out of the theft of a 2023 Dodge Challenger Hellcat from a Chrysler Dodge Jeep Dealership on June 8, 2023. At that time, a police special investigations unit (SIU) was conducting surveillance of Deeric Respress because he was suspected of committing other car thefts. Officers observed Respress driving a Ford Escape, which he parked in a parking lot next to the dealership. Defendant and Kenneth Bailey were passengers in the Escape. Respress got out of the vehicle and walked toward the dealership's vehicle storage lot.

Shortly thereafter, SIU officers observed Respress drive a Dodge Challenger Hellcat out of the vehicle storage lot and out of the dealership parking lot. Defendant followed, driving the Escape in tandem with the Challenger. Sergeant Russell Bragg explained what it meant to drive in tandem with another vehicle. He testified that the vehicle trailing a stolen vehicle will mimic every lane change and turn the stolen vehicle makes to conceal the absence of a license plate on the stolen vehicle. The SIU officers followed the Escape and Challenger to a home in Detroit. The officers observed defendant standing near the driver's side of the Challenger wearing a blue tracksuit. The two vehicles ultimately traveled in tandem to an LA Fitness location in Troy. Defendant maneuvered the Escape so that it was parked with its rear bumper facing the rear bumper

-1-

of the Challenger, which Sergeant Bragg interpreted as an effort to conceal the fact that the Challenger did not have a license plate.

Sergeant Bragg observed Respress scrape a dealership inventory sticker off the Challenger and noticed the vehicle's plastic scratch-guards were now missing. Bailey and defendant looked in the Challenger's windows and walked back and forth between the two vehicles. At one point, Respress looked underneath the Challenger, and defendant positioned himself near the driver's door of the Escape, appearing to act as a lookout. Respress, accompanied by Bailey, drove the Challenger to a residence in Troy, and Respress parked the Challenger in the garage. Defendant drove the Escape to the same residence. SIU officers apprehended defendant and Bailey near the residence, but Respress fled. As he fled, he threw two key fobs on the ground.[1] Officers found two blank key fobs on defendant's person and a firearm with the word "Hellcat" written on it near the driver's seat of the Escape.

As previously described, the jury convicted defendant of receiving and concealing a stolen motor vehicle and felony-firearm. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence to support his conviction of receiving and concealing a stolen motor vehicle and that, because the conviction is the underlying felony for his felony-firearm conviction, both convictions must be vacated. We review de novo a challenge to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id.* "[C]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks and citation omitted). In reviewing a sufficiency-of-the-evidence claim, we must draw all reasonable inferences and decisions in support of the jury's verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). We will not interfere with the jury's role in making those determinations or in making credibility determinations. *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020).

"It is a fundamental principle of our system of justice that an accused's guilt must be proved beyond a reasonable doubt to sustain a conviction." *People v Prude*, 513 Mich 377, 384; 15 NW3d 249 (2024) (quotation marks and citation omitted). "[A] conviction that is not supported by sufficient evidence to prove guilt beyond a reasonable doubt violates due process and cannot stand." *Id.* MCL 750.535(7) prohibits a person from concealing or aiding in the concealment of a stolen motor vehicle if the person knows or has reason to believe that the vehicle was stolen. The prosecution must prove "(1) that some property was stolen, (2) that the defendant bought,

---

[1] The key fobs were recovered. One of the key fobs was the original key to the Challenger, which an individual who worked at the dealership gave to Respress.

-2-

received, concealed, possessed, or aided the concealment of the same, (3) that the property is identified as property previously stolen, and (4) that the defendant had knowledge of the stolen nature of the property at some time during his wrongful course of conduct." *People v Allay*, 171 Mich App 602, 608; 430 NW2d 794 (1988), superseded in part on other grounds by 2002 PA 720. Under MCL 767.39, "[e]very person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense." "[A]iding and abetting is not a distinct criminal act; rather, it is a theory of prosecution that imposes vicarious criminal liability on an accomplice for the acts of the principal." *People v White*, 509 Mich 96, 102; 983 NW2d 348 (2022).

Defendant argues that he was merely present and did not assist Respress in stealing the Challenger. To the contrary, the prosecution presented sufficient evidence for the jury to conclude that defendant aided Respress in stealing the Challenger with knowledge that it was stolen. Respress did not park the Escape at the dealership. Rather, he parked the vehicle in a lot next to the dealership and positioned the vehicle to avoid it being seen on the dealership's surveillance cameras. Several SIU officers identified defendant as the person driving the Escape after Respress left the dealership driving the Challenger. Defendant closely followed the Challenger to conceal the fact that the Challenger did not have a license plate. In the LA Fitness parking lot, defendant maneuvered the Escape so that it was parked rear-bumper-to-rear-bumper with the Challenger to again conceal the fact that the Challenger did not have a license plate. Defendant appeared to act as a lookout as Respress and Bailey examined the Challenger and Respress removed the dealership sticker.

Afterward, defendant drove the Escape and parked it at a residence while Respress parked the Challenger in a garage. Respress and Bailey then walked toward the Escape, and SIU officers immediately apprehended and arrested defendant and Bailey while Respress fled. The officers recovered a window-punch tool near the driver's seat of the Escape as well as a firearm with the word "Hellcat" written on it. The officers also recovered several blank key fobs from defendant's person. Accordingly, the evidence and reasonable inferences drawn from the evidence were sufficient for a rational trier of fact to conclude that defendant was not merely present and aided in the theft and concealment of the Challenger. The prosecution therefore presented sufficient evidence to support defendant's conviction of receiving and concealing a stolen motor vehicle.

## III. PROSECUTORIAL ERROR

Defendant also argues that some of the prosecutor's questions and remarks constituted prosecutorial error,[2] and defense counsel rendered ineffective assistance of counsel by failing to object. "[T]o preserve a claim of prosecutorial [error] for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People*

---

[2] "[A]lthough the term prosecutorial misconduct has become a term of art often used to describe any error committed by the prosecution, claims of inadvertent error by the prosecution are better and more fairly presented as claims of prosecutorial error, with only the most extreme cases rising to the level of prosecutorial misconduct." *People v Jackson*, 313 Mich App 409, 425 n 4; 884 NW2d 297 (2015) (quotation marks and citation omitted).

*v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). As defendant acknowledges, his defense attorney failed to object to the prosecutor's questions and statements at issue. His claim of error is therefore unpreserved.

We review unpreserved claims of prosecutorial error for plain error affecting substantial rights. *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015). Under the plain-error rule, a defendant must establish: "(1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *People v Anderson*, 341 Mich App 272, 279; 989 NW2d 832 (2022) (quotation marks and citation omitted). Reversal is warranted only if the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *People v Davis*, 509 Mich 52, 67-68; 983 NW2d 325 (2022) (quotation marks and citation omitted).

Defendant contends that the prosecutor asked irrelevant and prejudicial questions and capitalized on the officers' responses during her closing and rebuttal arguments. Defendant relies on the following questioning of Sergeant Bragg:

> *Q*. So, Sergeant Bragg, as you are observing these three people, tell me what else you were able to see.
>
> *A*. From my observation position, Mr. Bailey and Mr. Respress were the ones that [were] busying themselves around the Challenger. As I had mentioned earlier at one point, Respress was laying on the ground looking underneath the car. They popped the hood, Mr. Bailey looked inside. As I said, Mr. Watson had returned back to the driver's door of the Escape, he did not appear to be paying any attention to what the other two were doing. He was looking to the north in my direction, it appeared to me in a lookout capacity.
>
> *Q*. I'm sorry. What was the last thing you said?
>
> *A*. It appeared to be to be in a lookout capacity, just watching—
>
> *Q*. That—
>
> *A*. —what was going on in the parking lot.
>
> *Q*. Malcom Watson appeared to be in a lookout capacity?
>
> *A*. Yes.

Defendant also takes issue with portions of the prosecutor's closing and rebuttal arguments. During closing argument, the prosecutor stated: "He's in the car, I don't care if he never moved, he's a—he's a part of this crime." The prosecutor also argued:

> He gets out of the car, he goes over to the drive—the passenger side and he just peers in, and presumably is watching his friend peel a sticker off a new stolen car.

Then he walks away as they continue to do whatever they're doing, and he's on lookout, and is looking to make sure that no one is watching them and that there are no police nearby.

Finally, during the prosecutor's rebuttal argument, she argued as follows:

The moment he got in the driver's seat—we're going to talk about these notches again—the moment you get in the driver's seat, you are helping in the concealment and the stealing and the concealing of the property, of the motor vehicle.

"Generally, prosecutors are given great latitude regarding their arguments and are free to argue the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017) (quotation marks and citation omitted). Although defendant argues that the prosecutor's questions and comments were irrelevant and prejudicial, they related to the prosecutor's theory of the case—that defendant assisted Respress in stealing the Challenger and concealing the fact that it was stolen. The officers' testimony indicating that defendant acted as a lookout was consistent with the prosecutor's theory. The prosecutor properly relied on the testimony and reasonable inferences drawn therefrom during closing and rebuttal argument.

Defendant also argues that the prosecutor erroneously elicited testimony from Detective Joseph Morgan that he knew defendant from prior investigations. Detective Morgan testified as follows:

*Q*. Who is driving the Ford Escape?

*A*. Malcom Watson.

*Q*. Okay. And that's the person that you previously identified at [sic] the gentleman sitting to my left in the blue long sleeve [sic]?

*A*. That's correct.

*Q*. Okay. The Defendant?

*A*. Correct.

*Q*. All right. How do you know it was Malcom Watson?

*A*. I know Malcom Watson from previous investigations.

*Q*. Okay. So in that time, in that moment, you're able to observe and say this is Malcom Watson?

*A*. Correct.

"[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). It appears from the record that the prosecutor intended to elicit testimony that

Detective Morgan was able to see defendant driving the Escape, but Detective Morgan misinterpreted the question as asking how he was familiar with defendant. "Unresponsive answers from witnesses are generally not prosecutorial error." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 427; 884 NW2d 297 (2015). In addition, "they are generally not considered prejudicial errors unless egregious or not amenable to a curative instruction." *People v Mahone*, 294 Mich App 208, 213; 816 NW2d 436 (2011). Here, any error was not egregious and a curative instruction could have alleviated the prejudicial effect of Detective Morgan's statement. Accordingly, no prosecutorial error occurred.

Defendant also contends that his trial attorney rendered ineffective assistance of counsel by failing to object to the prosecutor's challenged questions and statements. Because no error occurred, however, counsel was not ineffective for failing to object. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Affirmed.

/s/ Michael J. Riordan
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani